IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEPHEN JON BALA                                                    PLAINTIFF

              v.                    Civil No. 05-2075
MIKE ALLEN, Crawford
County Sheriff; TERRY REA,
Jail Administrator, Crawford
County Detention Center; LT.
JOHN McALLISTER; CPL.
THEL RIDDELL; JOHN DOE
DIETICIAN; and CHARLES WALL,
Jail Nurse                                                          DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Stephen Jon Bala filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2005. He proceeds pro se and in forma pauperis.

On September 19, 2005, the undersigned entered an order (Doc. 18) granting the defendants' motion to compel. Bala was directed to provide the defendants with discovery responses by October 7, 2005. By order entered on October 4, 2005 (Doc. 19), a change of address was entered for the plaintiff. Defendants' counsel was directed to re-mail to the plaintiff the discovery requests and the plaintiff was given until November 4, 2005, to provide the defendants with the discovery responses.

On November 7, 2005, defendants filed a motion to dismiss (Doc. 21). In the motion, defendants state they have not received the discovery responses from the plaintiff.

On November 9, 2005, the undersigned entered an order (Doc. 22) directing Bala to show cause by November 30, 2005, why this case should not be dismissed based on his failure to comply with the court's order and his failure to prosecute this action. Bala was advised that if

he did not respond to the order the undersigned would recommend that the case be dismissed.

To date, Bala has failed to respond to the show cause order. He has not sought an extension of time to respond to the show cause order. He has not otherwise communicated with the court.

I therefore recommend that the defendants' motion to dismiss be granted. This case should be dismissed based on Bala's failure to comply with the order of the court and his failure to prosecute this action. *See* Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of December 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)